THORNTON v. LOAGUE.

(*Jackson.* May 30, 1895.)

PUBLIC ADMINISTRATORS. *Rights of successive incumbents.*

A public administrator will not be compelled, in the absence of some just cause, to surrender the administration of estates undertaken during his term to his successor in office.

Code construed: §§ 545, 546, 548 (M. & V.); §§ 468a, b, c (T. & S.).

---

FROM SHELBY.

---

Appeal from Probate Court of Shelby County. J. S. GALLOWAY, Judge.

JAS. M. GREER and R. H. PRESCOTT for Thornton.

WM. M. RANDOLPH & SONS for Loague.

CALDWELL, J. This is a proceeding by a public administrator to compel his immediate predecessor to surrender assets of estates whose administration remains unfinished.

In January, 1891, John Loague, the defendant, was duly elected and bonded by the Quarterly Court of Shelby County, as public administrator of that county, for the statutory term of four years; and

thereafter, as occasion demanded, the Probate Court of that county, from time to time issued to him letters of administration as public administrator, upon the estates of numerous deceased persons. His term having expired, the Quarterly Court, at its meeting in January, 1895, elected and bonded Lee Thornton, the petitioner, as public administrator for the next ensuing four years.

Thornton, as such administrator, requested Loague to make settlement at once, and to surrender to him, as his successor in office, all unadministered assets belonging to the several estates aforesaid. This Loague refused to do, claiming that it was his right and duty to finally settle and wind up said estates in due course of administration, as would a private administrator.

Thereupon Thornton, on January 17, 1895, filed his petition in the Probate Court, stating the foregoing facts, with some elaboration, and praying the Court to compel the action by Loague which petitioner had, without success, requested.

Loague demurred to the petition, and for cause of demurrer said that he was entitled, under the law, to finally administer all estates whose administration he had undertaken, notwithstanding Thornton's election. The demurrer was sustained and the petition dismissed. Thornton appealed.

Section 545 of the Code (M. & V.), under which both Loague and Thornton were elected, empowers the various County Courts of the State, in quarterly

session, to elect for each county a public administrator, who shall hold his "office for four years;"
and § 548, under which Loague received his letters,
directs that the person so selected shall, in the cases
therein enumerated, promptly enter upon the administration of the particular estates contemplated, after
"first applying to the County or Probate Court having jurisdiction, for the necessary letters of administration."

When the administration so assumed shall terminate,
or what effect the election of one public administrator
as regular successor to a former one will have upon
the rights and duties of the predecessor, under letters
granted to him, is not provided. Section 545, which
fixes the term of office, does not, of itself, give, or
authorize the Courts to give, an absolute right of
administration. It only authorizes an election, and
confers upon the person elected a preferential right
to apply for and receive letters of administration
upon certain estates separately, under and by virtue
of § 548. Until he has done this, he cannot rightfully do anything in the actual administration of any
estate.

The four years' limitation prescribed in § 545 relates
alone to the time within which the elected person
shall have preference in applying for and receiving
letters, and has no reference to the time within
which his rights and duties, under those letters, shall
end. As to the latter, there is no provision in so
many words. Nothing is said in § 545, nor else-

where in our law, about the surrender of assets by one public administrator to another one, and the Courts can make no such requirement, unless it be for some disqualifying cause, such as would justify the removal of any administrator.

Section 546 declares that public administrators "shall, in all things, be governed by, and be subject to, all the laws, rules, duties and penalties, prescribed by law for the government of other administrators, and the management and settlement of estates;" and § 551 provides that they "shall have all the powers, and shall receive the same compensation, that other administrators now have and possess and receive for their services."

These two sections declare broadly that public administrators shall, in all things, have the same legal *status* as other administrators have. Other administrators have the right to finally administer and settle all estates upon which letters are properly granted to them, and public administrators have the same right. Either a private or a public administrator may forfeit that right and subject himself to removal, but neither can be removed without cause other than the mere lapse of time.

Affirmed.